Amy M. Hoffman (SBN 022762)
THE WILKINS LAW FIRM, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Tel:  602-795-0789
awilkins@wilkinslaw.net

John V. Golaszewski*
Joseph N. Casas*
Dennis C. Postiglione*
The Casas Law Firm, PC
1740 Broadway, 15th fl.
New York, NY 10019
Tel: 855-220-9626
john@talentrights.law
joseph@talentrights.law
dennis@talentrights.law

*pro hac vice application forthcoming

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abigail Ratchford; Claudia Sampedro; Eva Pepaj; Lina Posada; Paola Canas; Rachel Koren a/k/a Rachel Bernstein; Sarah Stage; and Tiffany Toth Gray,<br><br>   Plaintiffs,<br><br>   - against -<br><br>Glendale Tex Mex, LLC, d/b/a Calico Jack's Mexican Cantina, a/k/a/ Calico Jack's Glendale, an Arizona limited liability company,<br><br>   Defendant. | Case No. _____<br><br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiffs Abigail Ratchford, Claudia Sampedro, Eva Pepaj, Lina Posada, Paola Cañas, Rachel Koren a/k/a Rachel Bernstein, Sarah Stage, and Tiffany Toth Gray,

("Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Defendant Glendale Tex Mex, LLC, d/b/a d/b/a Calico Jack's Mexican Cantina, a/k/a/ Calico Jack's Glendale (collectively "Defendant" or "Calico Jack's"), respectfully allege as follows:

## BACKGROUND

1.      This is an action for damages and injunctive relief relating to Defendant's misappropriation and unauthorized publication of images of Plaintiffs, who are world-renowned professional models, to promote its bar and restaurant,

2.      As detailed below, Defendant's unauthorized use of Plaintiffs' images, photos, and likenesses (collectively, "Images") constitutes: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits the false or misleading use of a person's image for commercial purposes; b) violation of each Plaintiff's common law right of publicity under Arizona law; c) violation of Arizona's unfair competition law, which prohibits unlawful, unfair and fraudulent business acts or practices, as well as deceptive advertising; d) negligence and respondeat superior; and e) various common law torts, including conversion.

3.      In addition to the actual, punitive and exemplary damages set forth below, Plaintiffs likewise seek an Order from this Court permanently enjoining Defendant from using their Images to promote Calico Jack's, via any medium.

## JURISDICTION & VENUE

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have stated claims under, *inter alia*, the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B).  This Court also has diversity jurisdiction because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and all Plaintiffs reside in a different state than Defendant.

5.      As set forth immediately below, Plaintiffs Abigail Ratchford, Claudia Sampedro, Eva Pepaj, Lina Posada, Paola Cañas, Rachel Koren a/k/a Rachel Bernstein,

Sarah Stage, and Tiffany Toth Gray are, and at all times relevant to this action have been, professional models.

6.      According to publicly available records, Defendant Calico Jack's is a limited liability company organized and existing pursuant to the laws of the State of Arizona doing business as a bar and restaurant under the name Calico Jack's Mexican Cantina, formerly located at 6770 N. Sunrise Boulevard, Glendale, Arizona 85305.

7.      Venue is proper in the United States District Court for the District of Arizona because Glendale, Arizona is the principal place of business for Defendant.

8.      All parties have minimum contacts with Maricopa County, a significant portion of the alleged causes of action arose and accrued in Maricopa County, Arizona, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Maricopa County.

**PARTIES**

*Plaintiffs*

9.      Plaintiff Abigail Ratchford is an individual residing in the State of California.

10.     Plaintiff Claudia Sampedro is an individual residing in the State of Florida.

11.     Plaintiff Eva Pepaj is an individual residing in the State of California.

12.     Plaintiff Lina Posada is an individual residing in the State of California.

13.     Plaintiff Paola Cañas is an individual residing in the State of Florida.

14.     Plaintiff Rachel Koren a/k/a Rachel Bernstein is an individual residing in the State of California.

15.     Plaintiff Sarah Stage is an individual residing in the State of California.

16.     Plaintiff Tiffany Toth Gray is an individual residing in the State of California.

*Defendant*

17.     According to publicly available records, Defendant Calico Jack's is a limited liability company organized and existing pursuant to the laws of the State of Arizona doing business as a bar and restaurant (hereinafter "bar") under the name Calico Jack's Mexican Cantina formerly located at 6770 N. Sunrise Boulevard, Glendale, Arizona 85305.

### FACTUAL ALLEGATIONS

18.     As set forth in more detail below, Plaintiffs are well-known professional models who earn their livelihood modeling and selling their identity, image and likeness (collectively "Images") to companies, magazines, and individuals for the purpose of advertising, endorsing, or promoting products and services.

19.     Calico Jack's misappropriated Plaintiffs' images and likenesses and repeatedly published them in a defamatory manner.  Incredibly, to this date Calico Jack's violations are ongoing.

20.     There is no question that Calico Jack's or parties acting on its behalf misappropriated the images and likenesses of the Plaintiffs for the purpose of using the value of the Plaintiffs' Images for the value associated with them.  Plaintiffs are internationally known for gracing the covers of countless mainstream publications in addition to having careers in television and film.  All of the Plaintiffs are easily identifiable at a glance.  Moreover, Calico Jack's undoubtedly received a benefit from its unauthorized use of the Plaintiffs' Images.  The Plaintiffs have suffered damages as a result of Calico Jack's' conduct.

21.     Abigail Ratchford ("Ms. Ratchford"), born in Pennsylvania, is an American model and aspiring actress known for taking the Internet by storm in 2013. Ms. Ratchford's deft use of social media, combined with provocative pictures, proved a winning combination. This formula helped land her on numerous men's websites, a six-page print spread in a popular Australian men's magazine, and also led to her being

4

selected to audition for parts in *Maxim*, a feature film, and television shows found on ABC and E! Networks. She has over 9 million followers on Instagram, over 3.9 million followers of Facebook, and over 1.3 million followers on Twitter. [1]

22.     Calico Jack's misappropriated Ms. Ratchford's Image and placed it on social media posts for Calico Jack's, a bar and restaurant, for its Labor Day Weekend event. The image of Ms. Ratchford, where she is wearing a striped bikini top and is holding two American flags, was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar.  The image was used without the permission of Ms. Ratchford and is defamatory on its face.  The image was circulated via social media (Instagram) on August 31, 2017 and September 2, 2017, by DJ Izzy, a DJ employed by Calico Jack's.  The image is attached to this Complaint as Exhibit A.

23.     Claudia Sampedro ("Ms. Sampedro") is a Cuban-born model, mother, and spokeswoman. Ms. Sampedro moved to Miami when she was 6 years old, and at age 16, she was discovered by Elite modeling agency. Ms. Sampedro has appeared in many catalogues, and magazine editorials. She has a number of cover credits for magazines such as *Nine 5 Four, Shock, Face to Face* and *Mixed*. Ms. Sampedro is a sponsored model for Nutri Sups Nutrition and is also a spokesmodel and contracted model for Bare Ava. Ms. Sampedro is in the Social Media Influencers' top class with over a million Instagram followers and a further combined quarter million fans on Facebook and Twitter. Ms. Sampedro has three children, and is married to former Green Bay star defensive end Julius Peppers.

24.     Calico Jack's misappropriated Ms. Sampedro's Images and placed them on postings on its social media sites.  The images were a promotion for Calico Jack's, a bar and restaurant.  The images include a picture of Ms. Sampedro promoting the "Tiki Bar Party," and another picture of Ms. Sampedro promoting the "Signature Saturdays" events

---

[1] In the modeling world and talent industry (in general), the number of online Instagram "followers", Twitter "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.

5

at the bar.  The images of Ms. Sampedro were deliberately positioned on the promotional materials to imply that she was an employee working at the bar or that she endorsed the bar.  The image promoting the "Tiki Bar Party" features Ms. Sampedro wearing a bikini and was posted on Facebook and Instragram on July 22, 2017, and continuously up to the present day.  The image promoting "Signature Saturdays" features Ms. Sampedro wearing a black-and-gold shirt and was posted on Facebook and Instagram on March 24, 2018. The images were used without the permission of Ms. Sampedro and are defamatory on their face.  The images were circulated via print and via social media on multiple occasions by Calico Jack's.  The images are attached to this Complaint as Exhibit B.

25.     Eva Pepaj ("Ms. Pepaj") is a professional model and actress who moved to Hollywood to pursue her career in 2004.  Her work includes high fashion runway modeling, print features, and film roles. Ms. Pepaj has appeared in films such as *The Hand Off, Interior, Leather Bar* and *The Romp*, and she was a feature model in a national Diet Coke TV commercial campaign. She currently has 148,000 Instagram followers and 7,700 Facebook followers.

26.     Calico Jack's misappropriated Ms. Pepaj's Image and placed it on social media posts for Calico Jack's, a bar and restaurant. The image was posted to promote the bar's "Pre Cinco De Mayo" event. The image of Ms. Pepaj was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar. The image was posted on Calico Jack's Facebook on May 3, 2018, and on the Instagram account of DJ Skrewball, a DJ employed by Calico Jack's, on May 2, 2018. The image was used without the permission of Ms. Pepaj and is defamatory on its face.  The image was circulated via social media on more than one occasion by Calico Jack's.  The image is attached to this Complaint as Exhibit C.

27.     Lina Posada ("Ms. Posada") is a fashion model and designer. A native of Colombia, Ms. Posada is best known as a model for the Besame and Espiral lingerie collections. Posada has also modeled for Paradizia Swimwear, Babalu Swimwear, Irgus

Swinwear, Ujeans, as well as many others. She currently has 100,200 Instagram followers, 3,150 YouTube subscribers, 8,900 Facebook followers, and over 5,500 Twitter followers.

28.     Calico Jack's misappropriated Ms. Posada's image and likeness and placed it on social media for Calico Jack's, a bar and restaurant.  The image features Ms. Posada wearing a tank top, suspenders, and bow tie to promote the bar's "Bad Bunny Bar Crawl" event. The image was posted on Calico Jack's Instagram on March 29, 2018. The image was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar.  The image was used without the permission of Ms. Posada and is defamatory on its face.  The images were circulated via social media by Calico Jacks. The image is attached to this Complaint as Exhibit D.

29.     Paola Cañas ("Ms. Cañas") is a Colombian-born model now residing and working in the United States. Ms. Cañas has been in the industry for over twelve years and has found great success as a model, host, runway model, and actor. Ms. Cañas has worked runway shows in her native Colombia, as well as Mexico, Ecuador, United States, and most recently in Paris, France. She heads up the international campaign and was a contracted model for Curve and their worldwide lingerie line. In Dubai, United Arab Emirates, Ms. Cañas was chosen as the face of the Masters Golf Tournament, and was the image for the "International Surf and Sport Expo" in Orlando, FL. She has worked for international brands and labels such as SOHO, KISS underwear, Salon International, Zona Rosa, and Esteban Escobar. She has appeared in numerous TV shows like "FOX Sports" and on TV networks such as Telemundo and TV Azteca. Ms. Cañas continues to build an impressive profile and is constantly in demand between Miami, FL, New York, NY, and Los Angeles, CA. Ms. Cañas has over 625,000 Instagram followers, over 10,500 followers on Twitter, and over 9,000 Facebook likes.

30.     Calico Jack's misappropriated Ms. Cañas' image and likeness and placed it on social media for Calico Jack's, a bar and restaurant.  The image features Ms. Cañas

wearing a school girl's outfit to promote the bar's "Back 2 School Bash" event. The image was posted on Calico Jack's Facebook and on the Instagram account of DJ Izzy, a DJ employed by Calico Jack's, on August 25, 2017.  The image of Ms. Cañas was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar.  The image was used without the permission of Ms. Cañas and is defamatory on its face.  The image was circulated via social media by Calico Jack's.  The image is attached to this Complaint as Exhibit E.

31.     Rachel Koren a/k/a Rachel Bernstein ("Ms. Koren") is an international model who has walked runways for fashion shows in Miami's Mercedes Benz Fashion Week, filmed for the Travel TV show "Bikini Destinations" all over the world, shot for major campaigns in Los Angeles, California, and is the face of many brands. Ms. Koren appeared in a campaign for MIDORI with Kim Kardashian and in the movie *Date Night* with Steve Carell and Tina Fey. She also played the character of Sue Emory in an episode of *The Closer* where she can be seen doing her own stunts. She has been published in major campaigns and worked for companies such as Nike, Reebok, Affliction Clothing, Volcom, Body Glove, Sinful, American Customs, Alo, *Modern Salon Magazine*, No Fear, Axe Body Spray, Paul Mitchell, *Vibra Magazine*, *Launch Pad Magazine*, *Cut & Dry Magazine*, *Hairdo Magazine*, Sunset Tan, Divine Boutique, *Esquire Magazine*, *Vogue Magazine*, True Religion, Jessica Simpson Swimwear, Ed Hardy, Christian Audigier, Smet, *Rebel X Magazine*, SNI Swimwear, Tommy Bahama, Roma, J Valentine, Sunsets Inc, B Swim, Love Culture, *Maxim*, *Viva Glam Magazine*, Fantasy Lingerie, Elegant Moments, So Cal Swimwear, No Fear, *Swim Magazine*, American Honey, and Have Faith Swimwear.  She currently owns her own company, Cashmere Hair Extensions, which appeared on the show *Shark Tank* in 2013.

32.     Calico Jack's misappropriated Ms. Koren's image and likeness and placed it on social media for Calico Jack's.  The image features Ms. Koren on the far left of a group of three women. Ms. Koren is wearing a bikini top and a Santa hat promoting the

"December 2 Remember" event at the bar and was posted on Calico Jack's Instagram on December 12, 2017, and the Instagram account of Sugernights, a DJ employed by Calico Jack's, on December 11, 2017. The image of Ms. Koren was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar.  The image was used without the permission of Ms. Koren and is defamatory on its face.  The image was circulated via social media by Calico Jack's.  The image is attached to this Complaint as Exhibit F.

33.     Sarah Stage ("Ms. Stage") has worked for brands such as Fredericks of Hollywood, Jafra Cosmetics, Buffalo Jeans, Sky Clothing, and Beach Bunny Swimwear. She has also done commercials for Kia, Budweiser, Samsung, and has appeared in magazines such as *Maxim*, *Shape*, and *Allure*. Ms. Stage is a social media influencer with 2.1 million followers on Instagram, 19,700 followers on Twitter, 50,000 views on SnapChat, and over 113,000 likes on Facebook.

34.     Calico Jack's misappropriated Ms. Stage's image and likeness and placed it on social media for Calico Jack's.  The image features Ms. Stage in a black dress promoting the "Thursday Ladies Night" event at the bar posted on Calico Jack's Facebook page June 1, 2017;  "Flexx Fridays" event at the bar posted on Calico Jack's Facebook page June 3, 2016; "Thursday Ladies Night" at the bar posted on the Instagram account of AZ Kings, a DJ employed by Calico Jack's, on June 15, 2017; and "Thursday Ladies Night" posted on May 25, 2017 on both Calico Jack's Instagram and the Instagram account of StatyK's, a DJ employed by Calico Jack's.  The use of Ms. Stage's image by Defendant was extremely prolific. The image of Ms. Stage was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar.  The image was used without the permission of Ms. Stage and is defamatory on its face.  The

image was circulated via social media by Calico Jack's many times. The images are attached to this Complaint as Exhibit G.

35.     Tiffany Toth Gray ("Ms. Gray") is an extremely successful model and *Playboy* Playmate. Ms. Toth was the *Playboy* "Cyber Girl of the Month" for May 2006. She then went on to pose for three pictorials under *Playboy's* Fresh Faces. Moreover, she has not only been featured in such magazines as *Super Street Bike*, *Import Tuner, Sport Truck, Iron Man, Seventeen*, and *Maxim*, but has also posed for various catalogs. Ms. Toth currently has over 3.5 million Facebook followers, 1.3 million Instagram followers, and over 316,000 Twitter followers, and 1,140 YouTube subscribers.

36.     Calico Jack's misappropriated Ms. Gray's image and likeness and placed it on social media for Calico Jack's. The image features Ms. Gray in the center of the photo wearing a black zippered top, promoting the "Ladies Night Out" event at the bar. The image of Ms. Gray was posted on the Instagram account of DJ Skrewball, a DJ employed by Calico Jack's, on November 17, 2017. The image was deliberately positioned to imply that she was an employee working at the bar or that she endorsed the bar. The image was used without the permission of Ms. Gray and is defamatory on its face. The image was circulated via social media by Calico Jack's. The image is attached to this Complaint as Exhibit H.

37.     None of the Plaintiffs consented to Calico Jack's' use of the images. The Plaintiffs are all talented, highly successful models who earn substantial amounts of money by promoting and protecting their images and likenesses to various clients and take great pride in their reputation in their industry. It is common knowledge that any improper or unauthorized use of their images or likenesses will substantially injure their careers. All of the aforementioned images are labelled as Exhibits A-H and are attached in redacted form to this Complaint featuring the names of each Plaintiff above her image.

38.     Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize earning potential,

book modeling contracts, and establish each of their individual brands.  In furtherance of establishing, and maintaining their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they choose to model.

39.     Plaintiffs' Images were misappropriated by the Defendant in order to make it appear that they worked at, promoted, or endorsed Calico Jack's.

40.     In the case of each and every depiction featuring Plaintiffs' Images, such appearances were false.

41.     Moreover, in each and every case, this misappropriation occurred without any Plaintiffs' knowledge, consent, or authorization and at no point did Plaintiffs ever receive any remuneration for Defendant's improper and illegal use of their Images, and Defendant's improper and illegal use of Plaintiffs' Images has caused Plaintiffs to suffer substantial damages.

42.     That we know of, Plaintiffs were depicted in social media, website, and other Internet posts in order to promote Calico Jack's.  These posts were intentionally designed to make it appear that Plaintiffs are either working at Calico Jack's, promoted Calico Jack's, or endorsed the establishment.

43.     No Plaintiff has ever been employed at Calico Jack's or any other alcohol-oriented business and has never (and would never) agree to sign away her Image rights to be used in any way that affiliates her with Calico Jack's.

44.     Plaintiffs have never been hired to endorse Calico Jack's and have received no remuneration for Defendant's unauthorized use of their Images, and have suffered, and will continue to suffer, damages as a result of Defendant's use of their Images.

### *Ownership of Images*

45.     All Plaintiffs have reviewed the imagery in question and have positively identified themselves as the models depicted in the doctored internet and social media posts used by Defendant to market and promote the bar.  As described more specifically for each Plaintiff above, some of the photographs used to create the bar advertisements

were taken professionally, and a release was signed at the time of the photo shoot. However, no Plaintiff ever released her Right to Privacy, Publicity, or the right to any third party to sell her image to any third-party not a party to the original release without her permission. No Plaintiff ever agreed to promote a bar and restaurant via the imagery taken by Calico Jack's.

46.     Additionally, if any release was signed, it did not give any person rights to use the photographs into perpetuity. The industry standard varies, but a model rarely, if ever, signs a release of all rights into perpetuity for the use of her image. Moreover, if a release was signed, it did not include a release of the Plaintiffs' publicity rights and, in fact, several of the releases specifically stated that Plaintiffs retained their right to publicity. The right to a person's image and likeness is not copyrightable and, therefore, Plaintiffs are not asserting copyright claims.

47.     Moreover, as described more specifically for each Plaintiff above, some of the photographs were taken as "selfies" and are therefore fully owned by the individual Plaintiff or they were taken for personal use in an individual Plaintiff's portfolio in order to allow her to market herself to new clients. In these cases, no release was signed and no copyright interest was asserted. In these cases, as above, each Plaintiff fully retained her right to publicity and privacy and in no case did any Plaintiff ever agree, nor did any third party hold the right to agree on her behalf, that Defendant could use her image and likeness in order to market, promote, or endorse their bar. Based on these rights, Plaintiffs assert the Causes of Action described below.

### Defendant's Business

48.     Upon information and belief, Glendale Tex Mex, LLC operates a bar under the name Calico Jack's Mexican Cantina that engages in the business of selling alcohol and food in a party-like atmosphere.

49.     Calico Jack's does this for its own commercial and financial benefit.

50.     Calico Jack's used, advertised, created, printed, and distributed the Images

of Plaintiffs, as further described and identified above, in order to create the false impression with potential clientele that Plaintiffs either worked as employees at Calico Jack's, promoted Calico Jack's, or endorsed Calico Jack's.

51.    Calico Jack's used Plaintiffs' Images, and created the false impression that they worked at or endorsed Calico Jack's in order to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

52.    As Calico Jack's was at all times aware, at no point have Plaintiffs ever been affiliated with or employed by Calico Jack's, and at no point have Plaintiffs ever endorsed Calico Jack's.

53.    All of Calico Jack's activities, including its misappropriation of Plaintiffs' Images, and publication of them, were done without the knowledge or consent of Plaintiffs, and Calico Jack's did not compensate Plaintiffs for its use of their Images.

54.    As such, Plaintiffs have never received any benefit for Calico Jack's use of their Images.

***Standard Business Practices in the Modeling Industry***

55.    It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

56.    The fee that a professional model, such as each of the Plaintiffs, will receive is negotiated by her agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) the location where the photo shoot takes place, and the length thereof; c) where and how the Image are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the "term") the rights to use the photos will be assigned. Most licenses to use a model's image are for 1, 2, or 3 year terms; but almost never is

there a "lifetime" term.

*Defendant's Misappropriation of Plaintiffs' Images*

57.    As detailed above, Defendant knowingly, and without the prior consent of the Plaintiffs, invaded Plaintiffs' privacy by using Plaintiffs' Images for commercial purposes in order to promote Calico Jack's, by and through the use of internet posts, social media posts, and the creation and distribution of collateral materials such as flyers, posters, and cards.

58.    Defendant showcased Plaintiffs' Images on the Calico Jack's materials in order to create the false impression that Plaintiffs worked at Calico Jack's, or endorsed the establishment.

59.    Defendant did so in order to attract clientele to Calico Jack's, promote Calico Jack's, and thereby generate revenue for Defendant.

60.    Defendant was aware that, by using Plaintiffs' Image, it was violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at and/or endorsed Calico Jack's.

61.    Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their reputation, character, and current career.  This is especially so insofar as each of Plaintiffs' Images have been associated with a bar, and the implication of Defendant's use of Plaintiffs' Images is that she is an employee working in a bar with a party-like atmosphere.

62.    At no point was Plaintiffs ever affiliated with Calico Jack's or Defendant.

63.    Plaintiffs' Images were used without their consent.

64.    At no point were Plaintiffs ever contacted by Defendant, or any representative of any of the Defendant, to request the use of Plaintiffs' Images.

65.    Defendant never obtained, either directly or indirectly, permission to use Plaintiffs' Images.

66.    Defendant never paid any Plaintiffs for use of their Images on any

promotional materials, including the Calico Jack's billboards, social media, Internet, or other promotional materials.

67.     By using the Plaintiffs' image and likeness, Defendant did not use its own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their club to the public.

68.     Defendant used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive the Plaintiffs of their right to determine the use their Images.

69.     Upon information and belief, Defendant have taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiffs.

## FIRST CAUSE OF ACTION
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq.*:**
**False Association)**

70.     Plaintiffs hereby repeat and re-allege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

71.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq*. apply to Defendant and protect Plaintiffs from the conduct described herein.

72.     Defendant used Plaintiffs' Images, *inter alia*, in order to create the false impression with the public that Plaintiffs either worked at Calico Jack's as employees or endorsed the business.

73.     This was done to promote and attract clientele to Calico Jack's, and thereby generate revenue for the Defendant.

74.     Thus, this was done in furtherance of Defendant's commercial benefit.

75.     Despite the fact that Defendant was at all times aware that the Plaintiffs neither worked at, nor endorsed, Calico Jack's, Defendant nevertheless used Plaintiffs' Images in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Calico Jack's.

76.     Defendant knew that its use of Plaintiffs' Images would cause consumer

confusion as to Plaintiffs' sponsorship and/or employment at Calico Jack's.

77.    Upon information and belief, Defendant's use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of Calico Jack's, and the goods and services provided by Calico Jack's.

78.    Due to Defendant's unauthorized use of Plaintiffs' Images in order to create a false endorsement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial, but in all events, not less than seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

## SECOND CAUSE OF ACTION
### (Common Law Right of Publicity)

79.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

80.    As set forth hereon, each Plaintiff has and had at the time of Defendant's misappropriation a commercial interest in her image, photo, persona and likeness.

81.    Said commercial interest was developed by each Plaintiff through her investment of time, effort and money in her career, image, persona and likeness.

82.    As set forth herein, Defendant used each Plaintiff's image and likeness for commercial purposes by using same in Calico Jack's advertising.

83.    Defendant did so without any Plaintiff's consent, written or otherwise.

84.    Plaintiffs are further informed and believe and hereon allege that discovery will prove that Defendant's republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

85.    Plaintiffs are informed and believe and hereon allege that Defendant's republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

86.    Defendant was at all relevant times aware that it never received any

Plaintiff's permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote the bar.

87.     At no point did Defendant ever compensate Plaintiffs for its use of their Images

**88.**     No applicable privilege or authorization exists for Defendant's use of Plaintiffs' Images.

### THIRD CAUSE OF ACTION
**(Unfair or Deceptive Trade Practices, A.R.S. Title 44, Chapter 9, *et seq.*)**

89.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

90.     Defendant operated the bar website and social media accounts in order to promote the bar, to attract clientele thereto, and to thereby generate revenue for Defendant.

91.     As such, Defendant's operation of the website and social media accounts, and its publication of Images thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Arizona.

92.     Defendant published Plaintiffs' Images on the bar website and social media accounts in order to create the false impression that Plaintiffs were either employees working at the bar, endorsed the bar, or were otherwise affiliated, associated, or connected with the bar.

93.     As such, Defendant's intent in publishing Plaintiffs' Images was to mislead the public as to Plaintiffs' employment at and/or affiliation with the bar.

94.     Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under Arizona law.

95.     Defendant's advertising practices offend the public policy of Arizona insofar as it constitutes misappropriation of Plaintiffs' property rights in their own Images, and invasion of Plaintiffs' privacy, for Defendant's commercial benefit.

96.     Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as they have sought to confuse the public for its own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with the bar.

97.     Defendant's advertising practices cause substantial injury to consumers by creating the false impression that Plaintiffs are employees at, endorse, or are otherwise affiliated with, the bar.

98.     There are no benefits to Defendant's advertising practices as set forth hereon except a benefit to Defendant's own commercial interests.

99.     As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on their bar's website and social media accounts, Plaintiffs were harmed.

100.    As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## **FOURTH CAUSE OF ACTION**

### **(Common Law Unfair Competition)**

101.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

102.    Defendant and its agents operated their bar website and social media accounts in order to promote the bar, to attract clientele thereto, and to thereby generate revenue for Defendant.

103.    As such, Defendant's operation of the website and social media accounts, and its publication of Images thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Arizona.

104.    Defendant published Plaintiffs' Images on the bar website and social media accounts in order to create the false impression that Plaintiffs were either employees

working at the bar, endorsed the bar, or were otherwise affiliated, associated, or connected with the bar.

105.    As such, Defendant's intent in publishing Plaintiffs' Images was to mislead the public as to Plaintiffs' employment at and/or affiliation with the bar.

106.    Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under Arizona law.

107.    Defendant's advertising practices offends the public policy of Arizona insofar as they constitutes misappropriation of Plaintiffs' property rights in their own Images, and invasion of Plaintiffs' privacy, for Defendant commercial benefit.

108.    Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with the bar.

109.    Defendant's advertising practices cause substantial injury to consumers by creating the false impression that Plaintiffs are employees at, endorse, or are otherwise affiliated with, the bar.

110.    There are no benefits to Defendant's advertising practices as set forth hereon except a benefit to Defendant's own commercial interests.

111.    As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on their bar's website and social media accounts, Plaintiffs were harmed.

112.    As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## FIFTH CAUSE OF ACTION
### (Negligence and *Respondeat Superior*)

115.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

116.    Plaintiffs are further informed and believe and herein allege that Defendant maintains or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

117.    Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

118.    Defendant owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

119.    Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

120.    Defendant breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

121.    Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Arizona law, were not violated. Defendant breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

122.    Defendant's breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a

false, misleading and/or deceptive manner.

123.    As a result of Defendant's negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (Conversion)

124.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

125.    Each Plaintiff is, and at all relevant times were, the exclusive owner of all right, title and interest in their Images, and have property interests thereon.

126.    By the conduct detailed above, Defendant converted Plaintiffs' property rights in their Images for its own use and financial gain Images for its own use and financial gain.

127.    As a result of Defendant's unlawful conversion of Plaintiffs' Images, and publication of same, Plaintiffs have suffered damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

128.    Plaintiffs hereby repeat and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

129.    As set forth in detail above, Defendant published Plaintiffs' Images in order to promote the bar to the general public and potential clientele.

130.    Defendant's publication was for the purpose of creating a false impression to the general public that Plaintiffs were either working at the bar, or endorsed the bar.

131.    Defendant's purpose in publishing Plaintiffs' Images was to benefit commercially due to their purported association with, employment of, and/or endorsement by Plaintiffs.

132.   Upon information and belief, Defendant did in fact benefit commercially due to its unauthorized use of Plaintiffs' Images.

133.   Defendant have been enriched by its unauthorized control over, and publication of, Plaintiffs' Images because the publications have assisted Defendant in attracting clientele to their bar.

134.   Plaintiffs have not been compensated for Defendant's commercial exploitation of their Images, and thus any financial benefit which Defendant received due to this exploitation is unjust.

135.   As such, Plaintiffs have been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Quantum Meruit)

136.   Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

137.   Plaintiffs are each internationally known models who earn their livings appearing in, *inter alia*, commercials, advertisements, and publications on behalf of companies and brands.

138.   Companies and brands that choose to hire Plaintiffs compensate them for their appearances.

139.   Although Defendant have availed themselves of the benefit of being associated with Plaintiffs, and making it appear to potential customers that Plaintiffs either work at their bar, endorse their bar, or are otherwise affiliated with their bar, Defendant has not compensated Plaintiffs.

140.   Plaintiff is therefore entitled to reasonable compensation for the bar's unauthorized use of their Images.

## DEMAND FOR JURY TRIAL

141.   Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests Judgment in their favor and against Defendant as follows:

(a) For actual damages, in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), relating to Plaintiffs' first through fifth causes of action;

(b) For an order permanently enjoining Defendant from using Plaintiffs' Images to promote its business;

(c) For punitive damages, in an amount to be determined at trial;

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action;

(e) For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 21st day of April, 2021.

THE WILKINS LAW FIRM, PLLC

By: /s/ Amy Hoffman
Amy Hoffman (SBN 022762)
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
awilkins@wilkinslaw.net

and

The Casas Law Firm, PC
John V. Golaszewski*
Joseph N. Casas*
Dennis C. Postiglione*
1740 Broadway, 15th fl.
New York, NY 10019
Tel: 855-220-9626
john@talentrights.law
joseph@talentrights.law
dennis@talentrights.law

* Pro Hac Vice application forthcoming